# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JACQUELINE N. JOHNSON,               :

     Plaintiff,                                :

vs.                                                    :           CA 07-0407-WS-C

PERFORMANCE CONTRACTORS,       :
INC.,

                                            :

     Defendant.

## REPORT AND RECOMMENDATION

This cause is before the undersigned on the motion for summary judgment or for involuntary dismissal, as renewed (Doc. 30; *see also* Doc. 20), filed by defendant Performance Contractors, Inc., and the plaintiff's "Response to Court Order" (Doc. 29). The foregoing motion, as renewed, has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Docket Sheet Entry for January 16, 2008) Upon consideration of the defendant's motion, as renewed, plaintiff's response to this Court's order of March 14, 2008, and all other pertinent materials contained in this file, it is recommended that judgment be entered in favor of the defendant given the plaintiff's willful failure to obey the lawful orders of

this Court (*see* Docs. 23 & 28).

## **FINDINGS OF FACT**

1.      Plaintiff filed suit against the defendant in the Circuit Court of Mobile County, Alabama on May 9, 2007, and therein asserted gender and race discrimination claims pursuant to Title VII of the Civil Rights Act, as well as a race discrimination claim under 42 U.S.C. § 1981. (Doc. 1, Exhibit A, COMPLAINT)[1] It is plaintiff's contention that because of her gender and race, she was rejected for employment by Performance Contractors. (*See id*.) Defendant, however, has produced a significant amount of un-refuted evidence that plaintiff has been offered the position of welder. (*See* Doc. 22, Exhibits A-B1 & G)

2.      Plaintiff was represented by Ronnie Williams, Esquire, when this suit was filed. (Doc. 1, Exhibit A, COMPLAINT; *see also* Docs. 12-13 (Williams' notice of filing initial disclosures and notices of deposition and notice of filing interrogatories, request for production of documents and request for admissions))

3.      The defendant propounded certain written discovery to plaintiff in mid-August of 2007 (Doc. 22, Exhibits E-G); to date, plaintiff has filed no

---

[1]      This action was removed to this Court on June 5, 2007. (Doc. 1)

response to the defendant's written discovery (*see* Docket Sheet).[2] Defense

counsel also made numerous attempts to coordinate depositions with plaintiff's

counsel in late August and early-September of 2007 (*see* Doc. 22, Exhibits B2

& H1-H3); however, all such attempts proved unsuccessful (*see id*.).

      4.     On September 21, 2007, Williams filed a motion to withdraw,

based upon "a complete breakdown in the attorney/client relationship[.]" (Doc.

15) This motion was granted by order dated September 26, 2007, and plaintiff

was advised that if she retained new counsel, counsel was to file his/her notice

of appearance not later than October 16, 2007. (Doc. 17)

      5.     Plaintiff contacted the Clerk's Office by phone on October 15,

2007, requesting an extension of time to retain a new attorney; she was advised

by one of the deputy clerks that she needed to request an extension of time in

writing. (*See* Docket Sheet Entry for October 15, 2007) The Court never

received a request for an extension of time in writing from plaintiff. (*See*

Docket Sheet)

---

[2]     By operation of law, plaintiff has admitted that the defendant offered her a job as structural welder on or about September 5, 2006 and the job of combo welder in 2007. *Compare* Doc. 20, Exhibit G, REQUEST FOR ADMISSIONS *with* Fed.R.Civ.P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or [her] attorney."). In addition, Johnson has admitted that she never reported to the jobsite to begin work for Performance Contractors, Inc. *Id*.

6.      On October 18, 2007, defense counsel attempted to contact Johnson in writing about her failure to respond to propounded written discovery (Doc. 22, Exhibit B3); however, this letter was returned to counsel as unclaimed (*id*., Exhibit B4). In addition, counsel attempted, beginning in mid-October of 2007, to schedule plaintiff's deposition for November 6, 2007; however, all attempts were unsuccessful and plaintiff's deposition was cancelled (Doc. 22, Exhibits H4-H9; *see also id*., Exhibits H & J).

7.      The defendant filed a motion for summary judgment/motion for involuntary dismissal or, in the alternative, a motion to compel discovery and extend deadlines on January 15, 2008. (Doc. 20; *see also* Docs. 21-22) The Court ordered plaintiff to file a response to this motion by February 18, 2008 and set the matter down for oral argument on March 10, 2008. (Doc. 23)[3] While plaintiff filed no written response as ordered, she appeared for oral argument on March 10, 2008. (*See* Docket Sheet Entry for March 10, 2008)

8.      Following the hearing on March 10, 2008, the undersigned

---

[3]      This order reads, in relevant part, as follows: "**Failure to respond** to this motion for summary judgment may result in final judgment being rendered in favor of the party who filed the motion, without a full trial. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of [her] pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by response as provided in the rules." (*Id*. at 2 (emphasis in original))

entered an order on March 14, 2008, which reads, in relevant part, as follows:

> This action has been referred to the undersigned for consideration of an appropriate dispositive motion filed by defendant on January 15, 2008 (Doc. 20). This motion contains alternative requests with some constituting dispositive motions (motion for summary judgment or to dismiss) and other[] non-dispositive motions (motion to compel and for a modification of the scheduling order). A hearing was conducted in this matter on March 10, 2008, with plaintiff Jacqueline Johnson participating *pro se* and Murphy Foster, Esquire participating on behalf of the defendant. At the conclusion of the hearing, it was the undersigned's decision that the portion of this motion asking for summary judgment or alternatively, for an order of dismissal was to be held in abeyance pending the completion of certain tasks that were identified by the Court over the next two weeks.
>
> .     .     .
>
> During the hearing held on March 10, 2008, Ms. Johnson advised the Court that she had not received a number of notices because of turmoil in her private life and the fact that she had moved without giving this Court a new address. Under these circumstances, she was directed to do several things. First, she was to provide the Court with a written explanation as to the reasons why she has not complied with the discovery requests of the defendant and did not respond to the motion for summary judgment within the time period set by the Court. Secondly, she was ordered to respond to all outstanding discovery on or before March 24, 2008. Full compliance with this directive would include that she provide defendant an opportunity to inspect and copy all documents that she plans to use during the trial of this case and any other information that she deems to be important in this case. Third, since she advised the Court that she was attempting to retain the services of a new lawyer, she was given an additional period of time to retain his services, and have that lawyer file a notice of appearance. Finally, she was ordered to file her response to the pending motion for summary judgment

or to dismiss not later than March 25, 2008.

.   .   .

For the reasons stated above, the motion for summary judgment and for a[n] involuntary dismissal of this action are held in abeyance pending a completion of the tasks required of the plaintiff. Defendant's motion for an extension of time to complete discovery is **GRANTED,** and other scheduling deadlines will be extended as appropriate. The motion to compel is **GRANTED** and the plaintiff has been required to provide discovery not later than March 24, 2008.

(Doc. 28, at 1 & 2-4 (footnote omitted))

9.     On March 24, 2008, plaintiff filed a response to the undersigned's order dated March 14, 2008. (Doc. 29) This response complies with only one of the tasks plaintiff was required to complete by March 24 or 25, 2008. (*Compare id. with* Doc. 28) Specifically, the undersigned finds that plaintiff's response only constitutes a written explanation of the reasons she had not complied with the discovery requests of the defendant or filed a response to defendant's motion for summary judgment within the time period set by the Court. (*Compare* Doc. 28, at 3 *with* Doc. 29, at 2 ("At this time Jacqueline Johnson would like to the court Judge Cassady and the defense attorney Mr. Murphy Foster representing Performance Contractor with my deepest pardon and apologi[es]. During the course of 2006-2007 my personal issues took a c[h]oke hold on my family and [me]. My personal life was in

turmoil. I didn't intentionally miss prior court appearances. I didn't receive any

notice of court appearance due to my temporary living arrangement at that time

in question. I didn't mean to inconvenience anyone. I was in need of work

[and] I felt that my rights as a citizen were violated when I was denied that

right."))

      10.     Because Johnson did not respond to either its discovery requests

or its dispositive motion, the defendant, on April 3, 2008, renewed its motion

for summary judgment or for involuntary dismissal. (Doc. 30; *see also* Doc.

31)

> Plaintiff has failed entirely to comply with [the] directive
> [to respond to all outstanding discovery on or before March 24,
> 2008]. Defense counsel has received no communication
> whatsoever from Ms. Johnson regarding discovery. The
> discovery requests have been pending since August 15, 2007.
> Plaintiff has apparently chosen to ignore the Court's recent
> Order compelling full responses.

.    .    .

> Plaintiff has not complied with [the] directive [to respond
> to the pending dispositive motion on or before March 25, 2008],
> despite now two specific Court Orders that she do so within an
> established time frame.

(Doc. 31, at 3 & 4)

## CONCLUSIONS OF LAW

      1.      Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure

specifically authorizes a district court to strike pleadings or enter a default judgment against a party as a sanction for failing to comply with a discovery order. Fed.R.Civ.P. 37(b)(2)(C).

2.      This Court has broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). However, "this discretion is not unbridled." *United States v. Franklin*, 2001 WL 670630, \*1 (M.D. Fla. 2001) (citation omitted); *see also Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) ("[T]he district court has 'broad, although not unbridled, discretion in imposing sanctions' under Rule 37."). In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Certain Real Property Located at Route 1, Bryant, Ala.*, *supra*, 126 F.3d at 1317, quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986); *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.) ("[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with

8

the court's orders."), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

      3.    A review of the pleadings in this case indicates that plaintiff Johnson has shown a willful disregard for the orders entered by the undersigned and, as a result, has acted in bad faith. In particular, she has willfully disobeyed this Court's order directing her to respond to defendant's propounded discovery and the motion for summary judgment or for involuntary dismissal. (*Compare* Doc. 28, at 3 ("[S]he was directed to do **several** things. First, she was to provide the Court with a written explanation as to the reasons why she has not complied with the discovery requests of the defendant and did not respond to the motion for summary judgment within the time period set by the Court. **Secondly, she was ordered to respond to all outstanding discovery on or before March 24, 2008.** Full compliance with this directive would include that she provide defendant an opportunity to inspect and copy all documents that she plans to use during the trial of this case and any other information that she deems to be important in this case. . . . **Finally, she was ordered to file her response to the pending motion for summary judgment or to dismiss not later than March 25, 2008**.") *with* Doc. 29, Response to Court Order, at 2 ("At this time Jacqueline Johnson

would like to address the court Judge Cassady and the defense attorney Mr. Murphy Foster representing Performance Contractor with my deepest pardon and apologi[es]. During the course of 2006-2007 my personal issues took a c[h]oke hold on my family and [me]. My personal life was in turmoil. I didn't intentionally miss prior court appearances. I didn't receive any notice of court appearance due to my temporary living arrangement at that time in question. I didn't mean to inconvenience anyone. I was in need of work [and] I felt that my rights as a citizen were violated when I was denied that right.")) Plaintiff's March 24, 2008 response to the undersigned's March 14, 2008 order represents solely an explanation of why she did not timely respond to propounded discovery; it constitutes neither a response to the propounded discovery or a response to the defendant's motion for summary judgment or for involuntary dismissal. Plaintiff's flagrant disregard of the various orders of this Court (*see* Docs. 23 & 28) necessitates a recommendation by the undersigned that the Court enter judgment in favor of the defendant in this case. *See Certain Real Property Located at Route 1, Bryant, Ala.*, *supra*, 126 F.3d at 1317 ("We consistently have found Rule 37 sanctions such as dismissal or entry of default to be appropriate . . . 'where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders*.'"). This

disposition is consistent with that entered by other courts faced with similar conduct. *See Williams v. Southeast Alabama Medical Center*, 2005 WL 1155261, *2 (M.D. Ala.) ("Plaintiff has not filed any response to Baker's motion to dismiss, and he has not provided the court with an explanation for his failure to respond to Baker's discovery requests as ordered by the court. Although he was directed to do so, plaintiff has also failed to advise the court regarding whether he has at any time responded to the discovery requests. In addition to failing to comply with the initial order directing that he respond to discovery, he has since twice disregarded the court's orders to respond to the present motion to dismiss. [] The court concludes that plaintiff has engaged in a clear pattern of disregarding the orders of this court. . . . Plaintiff's failure to comply with these orders after being advised of the consequences demonstrates that his noncompliance with the discovery order was willful and presents extreme circumstances warranting dismissal. The court concludes that a dismissal without prejudice is the least severe sanction that will remedy plaintiff's inaction in the present case."), *report and recommendation adopted*, 2005 WL 1309022 (2005); *United States v. Utter*, 1990 WL 1086216, *2 (M.D. Fla. 1990) ("The record reflects that various written discovery was directed to the Defendant for which the Defendant failed to provide any

11

response to the submitted interrogatories and request for production of documents. As a result, the Plaintiff filed, on February 16, 1990, a Motion to Compel Discovery. [] No response to this Motion was filed. On March 28, 1990, this Court entered an order on this Motion compelling the Defendant to provide answers to interrogatories and document production within twenty (20) days. [] The Defendant has failed to obey this order by providing the compelled discovery. . . . The Defendant in this case has effectively refused to permit discovery and has flouted the discovery and pre-trial orders of this Court. In this situation, the entry of default judgment is appropriate.").

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the defendant's motion for summary judgment or for involuntary dismissal, as renewed (Doc. 30; *see also* Doc. 20), be **GRANTED** as a sanction for plaintiff's willful failure to comply with this Court's order compelling discovery and requiring a response to defendant's dispositive motion.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 14th day of April, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.        ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.        ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        _s/WILLIAM E. CASSADY_____
        UNITED STATES MAGISTRATE JUDGE

14